******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

GAIL REINKE *v.* WALTER SING
(AC 36210)

Beach, Keller and Harper, Js.

*Argued April 9, 2015—officially released February 2, 2016*

(Appeal from Superior Court, judicial district of
Stamford-Norwalk, Hon. Dennis F. Harrigan, judge trial
referee [dissolution judgment]; Shay, J. [motion to
open].)

*Eric M. Higgins*, for the appellant (plaintiff).

*Reine C. Boyer*, for the appellee (defendant).

*Opinion*

PER CURIAM. The plaintiff, Gail Reinke, appeals from the judgment of dissolution of her marriage to the defendant, Walter Sing, rendered after the granting of a motion to open a prior judgment of dissolution. The plaintiff argues that the trial court erred (1) as to the award of alimony, by decreasing the term, ordering the term to be nonmodifiable and increasing the alimony award by an inequitably small amount; (2) as to the property distribution, by inequitably dividing assets previously concealed by the defendant; and (3) as to attorney's fees, by not awarding the plaintiff legal fees for the fourteen month period encompassing the trial. We conclude that the trial court lacked subject matter jurisdiction to grant the motion to open, and therefore reverse the judgment of the trial court.

The following facts and procedural history are relevant to this appeal. The parties were married in 1989 and had two children.[1] The plaintiff held a bachelor's degree, and previously had been employed in a number of well paying jobs. During the marriage she became a homemaker; she also worked part-time "from time to time." The defendant held a degree in mathematics and he worked throughout the marriage, most recently as a self-employed consultant.

The marriage was dissolved by the trial court, *Hon. Dennis F. Harrigan*, judge trial referee, on October 2, 2007. The parties entered into a "Stipulation for Judgment," which was incorporated into the judgment of dissolution. On May 3, 2010, the plaintiff filed a motion to open the judgment of dissolution on the basis of fraud, claiming that the defendant failed to disclose some of his assets on the financial affidavit relied upon at the time of the dissolution. On September 28, 2010, the trial court, *Shay, J.*, opened the judgment "by oral agreement of both parties, without a finding of fraud," in order to reassess the financial orders.

Following a trial, the court issued its decision on August 23, 2013. The court found that the defendant's income actually had been twice the amount that the defendant disclosed at the time of the original dissolution, and the lesser amount had been relied on in formulating the terms of the initial stipulation and judgment. The court also found that the defendant had underreported the values of his investment accounts, retirement accounts, life insurance, and anticipated tax refund; he also underreported the value of the plaintiff's share of a condominium in New Jersey. The court, therefore, ordered the amount and term of the alimony altered, the amounts the defendant owed to the plaintiff with respect to various marital assets and retirement accounts altered, and awarded the plaintiff attorney's fees. On September 27, 2013, the court issued a correction to its memorandum of decision; the correction

fixed a calculation error but the court declined to amend its prior award of attorney's fees. This appeal followed.

Our review of the file reveals that the defendant did not contest the plaintiff's motion to open. The court did not make a finding of fraud, but opened the judgment nonetheless based on the agreement of the parties. Neither party has contested the subject matter jurisdiction of the court to open the judgment.

This court, however, was concerned about the issue of subject matter jurisdiction. On July 21, 2015, we ordered the trial court to articulate whether, in granting the motion to open "without a finding of fraud," it found there was no fraud or was simply not making a finding regarding fraud. The trial court issued an articulation on August 5, 2015, stating that at the time the judgment was opened, it made no finding one way or the other, but that after hearing the evidence, it found that the plaintiff had failed to prove fraud by clear and convincing evidence. Both parties submitted supplemental briefs in response to the trial court's articulation; the plaintiff argued, in essence, that failing to find fraud was clearly erroneous, and the defendant disagreed.

Thereafter, on October 27, 2015, this court further requested the parties to submit supplemental briefs on the question of whether the trial court had subject matter jurisdiction to open the judgment in the absence of a finding of fraud. We directed the parties' attention to *Sousa* v. *Sousa*, 157 Conn. App. 587, 116 A.3d 865, cert. granted, 317 Conn. 917, 118 A.3d 61 (2015), in which we held that a property distribution could not be the subject of a motion to modify. Both parties argued that the trial court had subject matter jurisdiction to consider the motion to open.

During the pendency of this appeal, this court decided *Forgione* v. *Forgione*, 162 Conn. App. 1, 6–8,    A.3d    (2015), which was officially released on December 22, 2015. That case held that in the absence of a finding or concession of fraud, the trial court lacked subject matter jurisdiction to open a dissolution judgment, at least as to the division of the parties' marital assets, despite an agreement by the parties to permit the trial court to do so. Id. We are constrained by *Forgione*, whose facts differ in no material respect from those of this case, and therefore conclude that, despite the agreement of the parties, the trial court lacked subject matter jurisdiction to open the judgment without a finding of fraud.

The judgment is reversed and the case is remanded with direction to dismiss the plaintiff's motion to open the judgment for lack of subject matter jurisdiction.

[1] The court found that child support terminated for the first child in January, 2009, and for the second child in November, 2010.